# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Meyers *v.* Catawissa Coal Company, Appellant.

*Vendor and vendee—Satisfactory title—Time limit—Contract—Affidavit of defense.*

Where an agreement for the sale of land provides expressly that the title to the land shall be made clear and satisfactory to the purchaser within a period of time named, a failure on the part of the seller to prove the title good to the satisfaction of the purchaser within the time named, is good ground for the recission of the contract by the latter.

Argued March 28, 1907. Reargued May 6, 1907. Appeal, No. 123, Jan. T., 1907, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1906, No. 3,527, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry Meyers v. Catawissa Coal Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover back a portion of the purchase price for land paid under an agreement of sale.

The opinion of the Supreme Court states the case.

The court in an opinion by AUDENRIED, J., made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

C. LaRue Munson, of Candor & Munson, for appellant.—The affidavit of defense was sufficient: Nicol v. Carr, 35 Pa. 381;

Swain v. Fidelity Ins., etc., Co., 54 Pa. 455; Herman v. Somers, 158 Pa. 424; McSherry v. Askew, 1 Yeates, 79; Murray v. Ellis, 112 Pa. 485; Beardslee v. Underhill, 37 N. J. L. 309; Folliard v. Wallace, 2 Johns. (N. Y.) 395; Vought v. Williams, 120 N. Y. 253 (24 N. E. Repr. 195); Lord v. Stevens, 1 Young & Coll. 222; Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Howard v. Smedley, 140 Pa. 81; Delahunty Dyeing Machine Co. v. Penna. Knitting Mills, 19 Pa. Superior Ct. 501.

*C. Berkeley Taylor*, with him *Franklin E. Barr*, for appellee. —Although the exact point has not been determined here, a line of cases lays down the rule that in contracts to deliver articles to be paid for if satisfactory to the purchaser, he cannot be compelled to pay for them if not satisfied with them: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Howard v. Smedley, 140 Pa. 81; Delahunty Dyeing Machine Co. v. Knitting Mills, 19 Pa. Superior Ct. 501; Payne v. Roberts, 214 Pa. 568; Duplex Safety Boiler Co. v. Garden, 101 N. Y. 387 (4 N. E. Repr. 749); Nolan v. Whitney, 88 N. Y. 648; Hummel v. Stern, 36 N. Y. Supp. 443.

OPINION BY MR. JUSTICE POTTER, June 25, 1907:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.    The defendant company agreed in writing to sell to Henry Meyers, the plaintiff, its entire capital stock, stipulating that it owned in fee a certain tract of anthracite coal in Columbia county, which was to be free of debt, liens, taxes and incumbrances, with the exception of a mortgage for $50,000.    Upon the execution of the contract, the plaintiff paid down the sum of $5,000, with the explicit agreement that if within thirty days the titles to the property were not "clear and satisfactory to said Meyers" the money was to be returned.    If the titles proved to be "clear and satisfactory to said Meyers" a second installment of the purchase money was to be paid, not later than thirty days from the date of the agreement.

The plaintiff brought this action to recover the said sum of $5,000, paid by him on account of the purchase money, alleging that the titles to the tract of land described in the agree-

ment were not made clear and satisfactory to him within the period of thirty days named therein. The defendant averred in an affidavit of defense, full compliance on its part with the agreement, and averred further that with the exception of the mortgage as contemplated, the title is clear and satisfactory, and is marketable. This affidavit was adjudged insufficient by the court below, for two reasons. First, because it contained no averment as to the state of the title within the period of thirty days following the agreement, within which the title was to be made clear and satisfactory to the plaintiff. Second, because it avers merely that the title is clear and satisfactory, and marketable; and fails to aver that it is satisfactory to the plaintiff, as, under the agreement, it was to be.

We all agree that the first reason is good, and is in itself sufficient to sustain the judgment. The contract is clear and specific, that the titles were to be proven good to the satisfaction of the plaintiff within thirty days, and that he was to make a large additional cash payment within that time. This involved not only an examination of the titles, but a financial arrangement, and it may very well have been that the time limit fixed was important, in view of the money which was to be provided by the plaintiff, and paid over. At any rate, the parties did unquestionably agree upon a definite period within which the titles were to be shown as clear and satisfactory to Meyers, and the affidavit of defense does not aver compliance with the contract in this respect within the limit fixed.

The assignments of error are overruled, and the judgment is affirmed.